## Jones v. Philadelphia Rapid Transit Company.

*Damages—Measure of, where automobile has been injured in collision.*

1. Where an automobile has been injured in a collision, there is no error in admitting evidence in an action by the owner to show the amount expended for the purpose of repairing the injuries.

*New trial—Personal injuries—Excessive damages.*

2. Where the plaintiff, in an action for personal injuries arising from defendant's negligence, had two teeth knocked out, his jaw partly splintered, which involved the removal of another tooth, was hit on the side of the head, received a blow on the body and was incapacitated for work for a short period of time, and from the time of the accident until the trial had suffered dizziness, a verdict of $1500 was sustained.

Motion for new trial. C. P. No. 5, Phila. Co., March T., 1922, No. 4994.

*R. P. Shick,* for plaintiff; *D. I. Scanlon,* for defendant.

McPHERSON, P. J., 51st judicial district, specially presiding, Sept. 21, 1923.—The reasons urged in support of this motion for a new trial are:

1. That the court erred in submitting as a measure of damages for the injuries to the plaintiff's automobile the amount that was expended for the purpose of repairing the same, contending that the proper measure of damages would be the difference between the market value of the automobile before and after the accident.

In support of this reason, the defendant has cited to the court a number of cases decided by the Superior Court, but on reference to all of them, we find that the measure of damages contended for on the part of the defendant was used in these cases either as a measure of damages additional to the costs of repair of the machine or was used in cases where the machine was not capable of being repaired. We are clearly of the opinion that no error as to the measure of damages was made by the court at the time of the trial.

4 D. & C.

2. That the damages returned by the jury for pain and suffering due to his personal injuries are excessive, being in the amount of $1500. The plaintiff, by reason of the accident, had two teeth knocked out, had his jaw partly splintered, which necessitated the removal of another, was hit on the side of his head and received a blow on his body. He was incapacitated from work for a short period of time. He testified that ever since the accident had happened in 1921 to the time of the trial in March, 1923, he suffered a dizziness which was frequent and annoying. While the damages for pain and suffering may be liberal and more than the court, if he had been a member of the jury, would have awarded, we are not persuaded, under all the evidence, that they are so excessive as warrants any interference on our part with the verdict, nor can we say that they are unconscionable.

In view of the above conclusions, the motion for a new trial is dismissed and the judgment on the verdict is directed to be entered upon the payment of the jury fee.